UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VENTUS NETWORKS, LLC,                :
                                     :   Case No.: 05 CV 10316 (DAB)
                       Plaintiff,    :
                                     :
       - against -                   :   **AMENDED COMPLAINT**
                                     :
ANSWERTHINK, INC.                    :
                                     :
                       Defendant.    :
                                     :
------------------------------------------------------------x

       Plaintiff, VENTUS NETWORKS, LLC, by its attorneys, McCULLOUGH, GOLDBERGER & STAUDT, LLP, as and for an Amended Complaint in the above-captioned action, sets forth the following upon information and belief:

       1.    Plaintiff, VENTUS NETWORKS, LLC ("Ventus") is a limited liability corporation, duly organized and existing under the laws of the State of Connecticut, with its principal offices located at 18 Connecticut Avenue, Norwalk, Connecticut 06854-1631.

       2.    Defendant, ANSWERTHINK, INC. ("Answerthink") is a corporation, duly authorized to do business in the State of New York with offices at 875 Avenue of the Americas, New York, New York 10001.

       3.    At all times herein mentioned, Answerthink was and is a corporation doing business in, *inter alia,* the States of New York and Connecticut.

       4.    Ventus desired to purchase and implement an "all in one" telecommunications software package for its company, to include, but not be limited to, sales, inventory, provisioning, client web interface, accounts receivable and accounts payable.

1

5. Answerthink presented to Ventus a demonstration of a software package known as the "SAP Telecommunications" package. During said presentation Answerthink represented to Ventus that said software package was an already existing, preconfigured, "out of the box" telecommunications package and was available to Ventus.

6. As part of its proposal to Ventus, Answerthink represented that it was in a partnership or collaborative effort with Samsung SDS America, Inc. ("Samsung"), such that Answerthink would be able to supply and license the software and that Samsung would implement the software package.

7. Also as part of its proposal, Answerthink presented Samsung as an authorized SAP implementer and Answerthink's partner or collaborator with respect to implementing the SAP software package.

8. In addition, Answerthink represented to Ventus that it had an already established partnership or collaboration with Samsung and had previously supplied and implemented, with Samsung, about one dozen SAP Telecommunications packages.

9. As a result of the presentation and proposal by Answerthink to Ventus, Ventus relied on Answerthink's representations and believed that Answerthink could and would provide to Ventus the "SAP Telecommunications" package that was demonstrated and that said software package was an already existing, preconfigured, "out of the box" telecommunications package available to Ventus.

10. In or around November 2003, in reliance on the representations made by Answerthink and based on the beliefs it formed from Answerthink's proposal and representations, Ventus entered into an agreement with Answerthink whereby Answerthink was to supply the demonstrated "SAP Telecommunications Software" and certain

telecommunications templates and Ventus was to pay a fee for the software and templates, as well as a maintenance fee.

11.   As part of the agreement, Answerthink represented to Ventus that implementation of the subject telecommunications package would to take ninety (90) days.

12.   Pursuant to the terms of the subject agreement, Ventus paid to Answerthink the sum of approximately $81,853.42 for the subject telecommunications package, along with certain licensing fees.

13.   The subject telecommunications package was never implemented. Answerthink failed to provide the telecommunications package as set forth in the subject agreement.

14.   Ventus later learned that not only was Samsung not an authorized SAP implementer, but that Answerthink was not authorized to present them as such.

15.   Ventus also learned that Answerthink had been aware that although SAP does and did have a telecommunications package such as the one demonstrated to Ventus, that said package was not available to companies of the size and scope of Ventus.

16.   Answerthink knew that its representations to Ventus regarding, *inter alia*, the availability of the "SAP Telecommunications Package" to Ventus and regarding its established collaboration with Samsung, were untrue and made them for the purpose of inducing Ventus into entering into the subject agreement

## AS AND FOR A FIRST CAUSE OF ACTION

17.   Ventus repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16 as if they were set forth fully and at length herein.

3

18. Answerthink failed to perform its obligations under the subject agreement in that, *inter alia*, it failed to properly provide and implement the subject telecommunications package.

19. By reason of the foregoing, Ventus has sustained damages including but not limited to the amount paid to Answerthink, and the cost of loss of business, cost of replacing the subject telecommunications package and other consequential damages.

20. As a result of Answerthink's breach of contract, Ventus has been damaged in the sum of approximately $500,000.00, the exact amount to be determined at the time of trial in this matter, with interest thereon.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Ventus repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 20 as if they were set forth fully and at length herein.

22. Answerthink knowingly, willfully, and deliberately made material misrepresentations to Ventus in order to induce Ventus into entering the subject agreement.

23. In reliance upon Answerthink's falsehoods and misrepresentations to Ventus, including but not limited to, Answerthink's ability to provide the subject telecommunications package, Answerthink's established partnership or collaboration with Samsung, that Samsung was an authorized SAP implementer and Answerthink's partner or collaborator with respect to implementing the SAP software package, and other falsehoods, Ventus entered into the subject agreement with Answerthink.

24. Due to Ventus' reliance upon Answerthink's misrepresentations, Ventus sustained damages including but not limited to loss of business, cost of replacing the subject telecommunications package and other damages.

25.     As a result of the fraud perpetrated by Answerthink, Ventus is entitled to punitive damages in an amount to be determined at the time of trial in this matter, with interest thereon.

### AS AND FOR A THIRD CAUSE OF ACTION

26.     Ventus repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 25 as if they were set forth fully and at length herein.

27.     In addition to the damages aforementioned for reimbursement of money paid to Answerthink, consequential damages, and punitive damages, Ventus is entitled to an award as against Answerthink of the costs, disbursements and expenses of this action, including attorneys fees.

28.     By reason of the foregoing, Ventus demands judgment as against Answerthink for the costs, disbursements and expenses of this action, including attorneys fees.

WHEREFORE, plaintiff, VENTUS NETWORKS, LLC demands judgment as follows:

a)      On the first cause of action, as against defendant, Answerthink, for the sum of not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), the exact amount to be determined at the time of trial in this matter, with interest thereon;

b)      On the second cause of action, as against defendant Answerthink, punitive damages in an amount to be determined at the time of trial in this matter, with interest thereon,

c)      On the third cause of action, as against defendants Answerthink, for the costs, disbursements and expenses of this action, including attorneys fees, the exact amounts to be determined at the time of trial in this matter, with interest thereon.

Dated: White Plains, New York
       February 8, 2006

                                      Yours, etc.,

                                      Ruth F-L. Post (7149)
                                      McCULLOUGH, GOLDBERGER & STAUDT, LLP
                                      Attorneys for Plaintiff
                                      1311 Mamaroneck Avenue, Suite 340
                                      White Plains, New York  10605
                                      (914) 949-6400
                                      Email:  rpost@mgslawyers.com

TO:    Philip L. Blum (9551)
        BINGHAM McCUTCHEN, LLP
        Attorneys for Defendant
        399 Park Avenue
        New York, New York  10022
        (212) 705-7000
        email: philip.blum@bingham.com